UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO (TOLEDO)

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DAREK LATHAN,

    Defendant.
_____/

Case No. 3:18-cr-00067

HON. GEORGE CARAM STEEH
SITTING BY DESIGNATION

### ORDER OVERRULING DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT (DOCS. 248, 249, 250) AND SETTING SENTENCING HEARING

This matter is before the court following the trial of defendant Darek Lathan. On June 10, 2021, a jury found defendant guilty on two counts: felon in possession of a firearm and ammunition and felon in possession of ammunition (doc. 219). Sentencing was scheduled for September 22, 2021. The parties appeared for sentencing, however defendant informed the court that he had not received a copy of the Presentence Investigation ("PSI") Report. Defendant was provided a hard copy of the PSI Report and the Government's Sentencing Memorandum (doc. 246). Defendant's standby counsel orally renewed his motion to withdraw as standby counsel and the court granted the motion. Defendant informed the court that he believed he had funds available to retain counsel but needed time to confirm the funds and find new counsel. The court adjourned the

sentencing and directed defendant to file a written notice with the court by October 6, 2021 if he was unable to retain counsel. Defendant was also instructed to indicate if he was requesting to have counsel or standby counsel appointed at that time.

Between September 22 and October 6, 2021, defendant filed 17 documents with the court, but he did not inform the court that he was unable to retain counsel. Nor did defendant request to have counsel or standby counsel appointed to represent him at sentencing. On October 14, 2021, the court sua sponte extended the deadline to October 22 for defendant to inform the court as to the status of his attempt to retain counsel and make any request to have counsel or standby counsel appointed. Then, on October 21, upon receiving a phone call from defendant asking for more time due to having "technical" or "toner" issues, the court extended the deadline for defendant to request counsel until on or before October 29, 2021.

On October 22, 2021, defendant filed a "judicial notice" stating that after consulting with "potential counsel", he is unable to inform the court of his intent to retain counsel or request that counsel be appointed unless the court meets certain demands (doc. 269). These demands include that the

court affirmatively preserve defendant's request for a restraining order,[1] which asserts that he was prosecuted without proper authority or jurisdiction, and that the court "acquiesce" in certain affidavits filed by defendant. The issues raised by defendant have nothing to do with his ability to retain or request counsel in this criminal case. The court construes defendant's filing as his notice that he is not seeking to have counsel or standby counsel appointed.

Defendant was given more than ample opportunity to retain counsel or to ask the court to appoint counsel or standby counsel to assist him at sentencing. Defendant has failed to take either action. The long record in this case demonstrates that defendant has not cooperated with any of the attorneys appointed to represent him or act as his standby counsel. Rather, time and again, defendant has chosen to represent himself while complaining that his appointed or standby counsel does not do what he instructs them to do. Defendant's "judicial notice" indicating that he will not comply with the court's deadline for requesting counsel means that the court will set a sentencing date, with defendant proceeding pro se.

---

[1] Defendant filed a complaint seeking a restraining order against the undersigned judge and the Assistant United States Attorney in the Lucas County Court of Common Pleas, Case No. G-4801-CI-0202103180-000, on October 6, 2021.

Among defendant's recent filings were three styled as objections to the PSI Report (docs. 248, 249 and 250). Defendant had access to the PSI Report and an adequate opportunity to file objections. In his objections, defendant seeks to have the PSI Report stricken from the record as a fraudulent document and generally argues that the court, the attorneys, and the probation officer are not legally competent and lack jurisdiction to write the PSI Report or to impose a sentence against him. Defendant has failed to submit any factual or legal objections to the PSI Report that are not frivolous. The court therefore overrules defendant's objections to the PSI Report as frivolous, grounded neither in fact nor law.

Sentencing is set for December 8, 2021 at 1:00 p.m. in Courtroom 209.

So ordered.

Dated: October 28, 2021

                                                  s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE