IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America

v.

Darek Lathan

Case No. 3:18-cr-67

Judge James L. Graham
Sitting by Designation

Order

Defendant was convicted by a jury of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). In December 2021, the Court (Judge Steeh, sitting by designation) sentenced Defendant as an armed career criminal to a total of 235 months of imprisonment. *See* 18 U.S.C. § 924(e) of the Armed Career Criminal Act (ACCA). The Sixth Circuit affirmed. *See United States v. Lathan*, No. 21-4177, 2023 WL 2523299, at *9 (6th Cir. Mar. 15, 2023).

In later proceedings under 28 U.S.C. § 2255, the Court denied Defendant's motion to vacate, in which Defendant argued that he did not possess the necessary predicate offenses to qualify as an armed career criminal. The Court found that Defendant had three qualifying convictions for purposes of the sentencing enhancement under ACCA.

Defendant appealed and the Court issued a certificate of appealability. While the matter was pending on appeal, the Government and counsel for Defendant filed a joint motion for remand. The Government conceded that Defendant's aggravated robbery convictions did not qualify as necessary predicate offenses in light of recent case law. *See United States v. Cervenak*, 135 F.4th 311, 323-32 (6th Cir. 2025) (en banc).

The Sixth Circuit found the motion to remand to be well taken and, in an order dated April 29, 2026, remanded the matter for purposes of resentencing. The Sixth Circuit also noted that Defendant, who was appointed counsel while on appeal, had filed a *pro se* motion to remove counsel from representing him. As described by the Sixth Circuit, Defendant's motion attributed to his appointed counsel a perceived delay in how long the appellate proceedings were taking. The Sixth Circuit noted that Defendant's numerous *pro se* motions contributed to any delay. The remand order instructed this Court to determine if counsel should be released from representation.

In an effort to make the determination concerning release of appointed counsel, the Court issued orders in May and June 2026 prompting responses from Defendant and his appointed counsel.

*See* Docs. 384, 389. Defendant indicated a desire to have legal representation under the condition that he not be pressured into signing a plea agreement, which the Government apparently offered in an effort to streamline the resentencing proceedings. Appointed counsel asked to be released from representation. The Court granted that request, and the Court appointed the Office of the Federal Public Defender to represent Defendant on July 21, 2026.

In response to the Court's order to submit a status report, the parties reported on September 17, 2026 that Defendant does not intend to enter the proposed plea agreement and that the next procedural step is resentencing. In advance of the resentencing hearing, the Probation Office is preparing an updated Presentence Investigation Report.

Following the remand order, Defendant has submitted numerous *pro se* motions to this Court and to the Court of Appeals. The Sixth Circuit has notified Defendant that it has returned the motions to him as unfiled and with no further action.

Still pending are the motions and other documents Defendant has filed with this Court. Underpinning most of the filings is Defendant's belief that the Sixth Circuit's remand order removed 15 years from his sentence of imprisonment. In his view, the result is that his sentence should be 55 months (235 months minus 180 months). This, according to Defendant, would in turn mean that he is entitled to immediate release because he has already served more than 55 months of imprisonment.

The Court must reject Defendant's theory. The effect of the Sixth Circuit's remand order is that Defendant will not be treated as an armed career criminal at resentencing. This means that the 15-year mandatory minimum sentence does not apply. *See* 18 U.S.C. § 924(e). It does not mean that 15 years will be removed from the previously-imposed sentence. At the resentencing hearing, the Court will make a new Sentencing Guidelines determination based on Defendant's Total Offense Level and Criminal History Category.[1] Because Defendant's theory is incorrect, the Court denies his motions which seek his immediate release from incarceration. *See* Docs. 385, 392, 399.

Defendant uses the same theory as the basis for his motion for the Court to relinquish jurisdiction, his motion to remove his newly-appointed counsel, and his motion for the undersigned judge to recuse himself. *See* Docs. 395, 401, 403. Defendant asserts that because he has already served more than 55 months, the Court's failure to immediately release him demonstrates bias which should

[1] The Court observes that in the original Presentence Investigation Report, Defendant's Adjusted Offense Level (not including the armed career criminal enhancement) was 28 and his Criminal History Category was VI, which would yield a Guidelines Sentencing Range of 140-175 months. The Court makes this observation without prejudice to making a new determination at the resentencing hearing, including consideration of any statutory maximum term of incarceration.

result in recusal. Defendant similarly believes that his counsel's failure to advance his theory is grounds for removal. However, the Sixth Circuit plainly remanded for resentencing. It did not instruct that his new sentence would be 55 months.

Defendant has also filed two motions which are now moot. One sought his transfer out of the Oxford Federal Correctional Institution in Wisconsin because he had been threatened with harm there. *See* Doc. 388. The other was a motion for recusal in which he argued that the Court's delay in granting his release or holding his resentencing hearing was subjecting him to threats of harm at Oxford FCI. *See* Doc. 396. These motions are moot because the Court received notice that Defendant was transferred to a different correctional facility in August 2026.

Relatedly, Defendant has recently filed a motion to be transferred to the Lucas County Jail. *See* Doc. 400. He seeks a transfer because of alleged conditions at the facility where he has been held in custody since August. The conditions include the laundry not being clean and the facility's failure to provide special dietary meals. The Court must deny this motion. These resentencing proceedings are not the proper forum for addressing Defendant's conditions of confinement. *See* 42 U.S.C. § 1983.

Accordingly, the following motions are DENIED: Motion to Expedite Release (Doc. 385); Affidavit for Emergency Conveyance (Doc. 388); Petition for Expedited Remand and Release (Doc. 392); Motion to Relinquish Jurisdiction (Doc. 395); Petition for Immediate Recusal (Doc. 396); Motion for Immediate Bail (Doc. 399); Motion to Transfer to Lucas County Jail (Doc. 400); Motion for Removal of Counsel (Doc. 401); and Affidavit for Recusal (Doc. 403).

Date: October 7, 2026

*s/ James L. Graham*
James L. Graham
United States District Judge